## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVEL KISLYAK, | ) | CASE NO. 4:12CV3025 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DR. JENNIFER CIMPL BOHN, LRC, | ) | |
| Psychologist, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner's claims are very difficult to decipher. Liberally construed, Petitioner asserts two claims.

Claim One[1]:  Petitioner is being held in violation of his due process rights because Respondent failed to evaluate his competency within 90 days of his previous evaluation.

Claim Two[2]:  Petitioner's conditions of confinement violate his due process rights.

(Filing No. 1 at CM/ECF pp. 5-8.)

Liberally construed, the court preliminarily decides that Claim One, as set forth in this Memorandum and Order, is potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of Claim One or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

In contrast to Claim One, Petitioner's Claim Two is not a cognizable habeas corpus claim. In *Preiser v. Rodriguez*, the Supreme Court clarified that a habeas corpus action

---

[1]Claim One combines allegations from Grounds One and Two of the Petition. (Filing No. 1 at CM/ECF pp. 5-8.)

[2]Claim Two includes allegations from Ground Three of the Petition. (*Id.* at CM/ECF pp. 7-8.)

"is an attack by a person in custody upon the legality of that custody." 411 U.S. 475, 484 (1973). If a petitioner is not challenging the validity of his conviction, the length of his detention, or collateral consequences attached to a conviction, then a writ of habeas corpus is not the proper remedy. See id. at 499; Spencer v. Kemna, 523 U.S. 1, 9 (1998), (describing how a writ of habeas corpus can still benefit a petitioner, even after he has been released from confinement, by eliminating some of the "collateral consequences that attached to the conviction as a matter of law"). Because Claim Two does not challenge the fact or duration of Petitioner's confinement, the court will dismiss Claim Two without prejudice to the subsequent filing of an action pursuant to 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (Filing No. 1), the court preliminarily decides that Claim One is potentially cognizable in federal court;

2. Upon initial review of the Petition (Filing No. 1), the court decides that Claim Two is not a cognizable habeas corpus claim. Claim Two is dismissed without prejudice to the subsequent filing of an action pursuant to 42 U.S.C. § 1983;

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition (Filing No. 1) to Respondents and the Nebraska Attorney General by regular first-class mail.

4. By **April 9, 2012**, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 9, 2012**: deadline for Respondent to file state court records in support of answer or motion for summary judgment;

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.   Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E.   No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.   If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**;

6.   If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A.   By **April 9, 2012**, Respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.   No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because

3

the petition is an unauthorized second or successive petition.  *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.      Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response.  Petitioner shall submit no other documents unless directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 2, 2012**:  check for Respondent to file answer and separate brief; and

7.      No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 27th day of February, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4